UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Thomas Lee Pelzer,  ) C/A No. 2:10-2065-MBS-RSC
)
              Plaintiff, )
)
vs. )
) REPORT AND RECOMMENDATION
Michael McCall, Jr.; )
Florence Mauney; )
Miriam Cocciolone; )
Mary Coleman; )
Jimmy Simmons; )
Jon Ozmint, )
)
             Defendants. )
)

The plaintiff, Thomas Lee Pelzer ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] Plaintiff claims violation of his constitutional rights based on inadequate ventilation of his cell, infrequent cleaning of his cell, and failure to investigate his grievances. Plaintiff seeks declaratory and injunctive relief, as well as "his costs in this suit." The complaint should be

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

dismissed for failure to state a claim upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii); *see also* 28 U.S.C. § 1915A (same).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less

stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387,  (4th Cir. 1990).

### Discussion

The complaint states "[t]his is a class action filed by Thomas Pelzer, a prisoner, on behalf of all prisoners at P.C.I in the prison's lock up dorms for injunctive relief under 42 U.S.C. 1983." Plaintiff cannot file a class action, or any lawsuit, on behalf of other prisoners. *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others

3

in a class action); and *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Plaintiff lacks standing to assert claims on behalf of other inmates. *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972). While 28 U.S.C. § 1654 allows an individual to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. Because this case cannot be brought as a class action by the individual plaintiff, the case is liberally construed to be brought by the plaintiff representing his own interests.

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint claims that Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment has been violated by inadequate ventilation in his cell and infrequent cleaning of his cell. The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337 (1981). To state a claim of constitutional significance concerning prison conditions, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996).

To satisfy the objective prong of an Eighth Amendment prison conditions claim, a prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir.1997) (quotations omitted & emphasis removed). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To demonstrate such an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993), or show a substantial risk of serious harm resulting from the prisoner's unwilling exposure to the challenged

conditions. *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993).

Although claims of inadequate ventilation or unsanitary living conditions may be so egregious as to reach constitutional magnitude under the Eighth Amendment, see, e.g., *Wilson v. Seiter*, 501 U.S. at 304, Plaintiff's allegations fall short. Plaintiff alleges he is only allowed to clean his cell once or twice a month. He also alleges his cell has "no suction vent," which could "extract dust and other particles" from his cell, causing "dust and other bacteria" to "build up" in his cell. Plaintiff claims these conditions put his "health and welfare at extreme risk." Plaintiff does not explain how his health and welfare are, or could be, effected by these conditions. Plaintiff fails to satisfy the objective prong of the Eighth Amendment test because he has not established that he has suffered serious harm, or is at a substantial risk of serious harm, from these alleged conditions. The complaint fails to state an Eighth Amendment claim on which relief may be granted.[3]

The complaint also claims that Plaintiff's Due Process rights have been violated. Plaintiff alleges that the grievances he files concerning living conditions are being denied without any

---

[3] Plaintiff also alleges "the Defendants are engaged in an [sic] conspiracy to violate " his "8th Amendment right to be free from cruel and unusual punishment." Having failed to sufficiently allege violation of his Eighth Amendment rights, Plaintiff's single allegation of a conspiracy to violate his Eighth Amendment rights also fails to state a claim.

investigation, and "the failure to investigate deprives Plaintiff of his due process rights and creates an atypical and significant hardship." However, the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. *See Brown v. Dodson*, 863 F.Supp. 284 (W.D.Va. 1994). Further, even allegations that SCDC defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. *See United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465 (1978); *see also Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F.Supp. 42, 44 (D.S.C.1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). The complaint fails to state a claim on which relief may be granted for violation of the Due Process Clause.

The complaint fails to state a claim of constitutional significance concerning living conditions or lack of investigation of prisoner grievances. As a result, the complaint should be dismissed for failure to state a claim on which relief may be

granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.  28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  **The plaintiff's attention is directed to the notice on the following page.**

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

September 16, 2010
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).